IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UMB BANK, N.A., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 23-cv-00268-SRB ) |
| KRAFT CPAs, PLLC, | ) ) |
| Defendant. | ) ) |

## ORDER

Before the Court is Defendant Kraft CPAs PLLC's ("Defendant") Motion to Dismiss. (Doc. #7.) As set forth below, the motion is DENIED.

### I. FACTUAL BACKGROUND

The following allegations are taken from Plaintiff UMB Bank, N.A.'s ("Plaintiff") Complaint, without further quotation or attribution unless otherwise noted.[1] The relevant allegations are summarized to the extent possible. Additional facts relevant to the parties' arguments are discussed in Section III.

Plaintiff is a national banking institution with its headquarters in Kansas City, Missouri. Defendant is a public accounting firm and is located in Tennessee. Defendant provides auditing and other accounting services to its clients throughout the United States, including in Missouri.

In 2018, Plaintiff extended a $4,000,000 loan to All Commercial Floors, Inc. ("ACF"). Plaintiff subsequently extended additional loans and credit to ACF. As a condition of extending such credit, Plaintiff required that ACF's financial statements "be audited by independent

---

[1] Plaintiff commenced this lawsuit by filing a Petition in state court. Because this case is now in federal court, the Petition is referred to as the Complaint. All page numbers refer to the pagination automatically generated by CM/ECF.

certified public accountants, and that ACF provide those audited financials . . . to Plaintiff for review and consideration in its loan underwriting process." (Doc. #1-1, ¶ 7.)

At all relevant times, Defendant audited ACF and prepared certified financial statements. In preparing the financial statements, Defendant was required to follow Generally Accepted Accounting Principles ("GAAP") and Generally Accepted Audit Standards ("GAAS"). Plaintiff alleges "Defendant knew and understood that the audit reports and certified financial statements it prepared at ACF were required to be provided by ACF to, and were provided by ACF to . . . Plaintiff for its use and consideration in deciding whether to issue various commercial loans and credit facilities to ACF." (Doc. #1-1, p. 2.)

Plaintiff alleges that the financial statements prepared by Defendant did not comply with GAAP and GAAS, and that Defendant knew or "should have known that [the financial statements] would and did materially misstate ACF's true financial condition[.]" (Doc. #1-1, ¶ 25.) Among other things, the financial statements allegedly overstated ACF's assets, inventory, retained earnings, members' equities, and receivables. Plaintiff alleges it would not have issued loans or other credit to ACF if Defendant had complied with GAAP and GAAS.

By 2021, ACF had defaulted on the loans issued by Plaintiff. Plaintiff filed a lawsuit against ACF in the United States District Court for the Northern District of Texas. A court-appointed receiver determined that "ACF's financial condition was so diminished that the business could not continue as a going concern." (Doc. #1-1, ¶ 24.) The receiver wound down ACF's operations and is liquidating assets in order to repay ACF's creditors. Plaintiff obtained a judgment against ACF in the amount of $16,627,876.64, plus interest.

On March 15, 2023, Plaintiff filed this lawsuit against Defendant. The Complaint asserts the following claims—Count I: Negligence; and Count II—Negligent Misrepresentation.

Plaintiff alleges it relied upon Defendant's negligent audit reports and certified financial statements when issuing, increasing, and deferring action on ACF's loans, which caused $16,627,876.64 in damages.

Defendant now moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).  Defendant argues it is based in Tennessee, and "has no contacts with Missouri that would confer jurisdiction under either Missouri's long-arm statute or the Due Process Clause."  (Doc. #8, pp. 5-6.)  Plaintiff opposes the motion and argues the Court may exercise personal jurisdiction over Defendant.  The parties' arguments are addressed below.

## II.  LEGAL STANDARD

Under Rule 12(b)(2), a defendant may move to dismiss for lack of personal jurisdiction. "When personal jurisdiction is challenged by a defendant, the plaintiff bears the burden to show that jurisdiction exists."  *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014) (citing *K–V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d at 591–92 (8th Cir. 2011)).  The plaintiff must plead "sufficient facts to support a reasonable inference that the defendant can be subjected to jurisdiction within the state."  *Creative Calling Sols., Inc. v. LF Beauty Ltd.*, 799 F.3d 975, 979 (8th Cir. 2015) (quoting *K-V Pharm. Co.*, 648 F.3d at 591–92.  When, as here, the Court does not hold a hearing, the Court must view the evidence "in the light most favorable to the plaintiff and resolve all factual conflicts in its favor in deciding whether the plaintiff made the requisite showing."  *K-V Pharm. Co.*, 648 F.3d at 592.

Specific, or case-linked, personal jurisdiction over a defendant exists when a plaintiff's claim arises from or relates to the defendant's purposeful contacts with the forum state.  *Creative Calling Sols., Inc.*, 799 F.3d at 979–80 (citing *Daimler AG v. Bauman*, 571 U.S. 117, 127

3

(2014)).[2] To exercise specific personal jurisdiction, the non-resident defendant must have "'purposely avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

### III. DISCUSSION

To subject a nonresident party to specific personal jurisdiction in Missouri, "personal jurisdiction must be proper under both the Missouri long-arm statute and the Due Process Clause." *Smith v. Truman Rd. Dev., LLC*, 414 F. Supp. 3d 1205, 1215 (W.D. Mo. 2019). "The reach of a state's long-arm statute is a matter of state law, and federal courts are required to accept the interpretation given the statute by the state supreme court." *Myers v. Casino Queen, Inc.*, 689 F.3d 904, 909 (8th Cir. 2012) (citation and quotation marks omitted).

#### 1. Missouri's Long-Arm Statute

Under Missouri law, when considering whether specific personal jurisdiction exists over a nonresident defendant, the court must first determine if the defendant's conduct falls within a category enumerated in Missouri's long-arm statute. *State ex rel PPG Indus., Inc. v. McShane*, 560 S.W.3d 888, 891 (Mo. banc 2018). Missouri's long-arm statute provides, in relevant part:

> 1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:
>
> (3) The commission of a tortious act within the state[.]

---

[2] The parties agree that the Court cannot exercise general jurisdiction over Defendant, and that doctrine will not be further discussed herein. *See, e.g.*, *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 593 (8th Cir. 2011) (citation omitted).

4

Mo. Rev. Stat. § 506.500.1(3). The "suit must arise out of the activities enumerated in the long-arm statute." *Dairy Farmers of Am. Inc. v. Bassett & Walker Int'l, Inc.*, 702 F.3d 472, 476 (8th Cir. 2012).

Defendant argues it is not subject to jurisdiction under Missouri's long-arm statute. Defendant contends that Plaintiff's claims "do not 'arise out of' any 'tortious acts' that it committed in Missouri." (Doc. #8, p. 11.) According to Defendant, Plaintiff's "sole basis for jurisdiction based on a 'tortious act' is that [Plaintiff] allegedly suffered an injury in Missouri" which "is insufficient to authorize jurisdiction under the long-arm statute." (Doc. #8, p. 12.)

Upon review, the Court rejects Defendant's arguments. The Complaint alleges that Plaintiff is headquartered in Missouri, was first injured in Kansas City, Missouri, and that Defendant "committed torts in Missouri including as alleged by Plaintiff herein." (Doc. #1-1, ¶¶ 1, 4, 5.) The Complaint alleges in part that Defendant:

> knew and understood from its ongoing engagement and professional relationship with ACF and the surrounding circumstances that ACF was required to provide, would provide, and did provide the 2018-2020 Audited Financials to Plaintiff for its respective review and consideration in deciding whether to issue the additional loans, the Credit Facility and the Credit Card Agreement from Plaintiff, and thereafter maintain the 2018 Loan, the additional loans, the Credit Facility and the Credit Card Agreement that Plaintiff issued to ACF[.]

(Doc. #1-1, ¶ 17.) The Complaint further alleges that Plaintiff was provided negligently prepared financial statements and suffered damages by relying upon them when issuing credit to ACF. The Court rejects Defendant's argument that Plaintiff's "sole basis for jurisdiction is that it was allegedly injured in its home state of Missouri." (Doc. #17, p. 2.) The allegations in the

5

Complaint are sufficient to show that Defendant committed a tortious act within Missouri, and thus satisfy the long-arm statute. Mo. Rev. Stat. § 506.500.1(3).[3]

### 2. Due Process Clause

Because Missouri's long-arm statute permits the exercise of jurisdiction over Defendant, the Court next considers whether the assertion of personal jurisdiction would violate Due Process. *See Truman Rd. Dev.*, 414 F. Supp. 3d at 1217. Due process requires that a plaintiff show the defendant has "sufficient minimum contacts with the forum state so as not to offend traditional notions of fair play and substantial justice." *Whaley v. Esebag*, 946 F.3d 447, 451 (8th Cir. 2020). "The conduct and connection with the forum state must be such that the defendant could reasonably anticipate being haled into court there." *Id.* (citations omitted). In determining whether a nonresident defendant's contacts with Missouri are sufficient to subject it to personal jurisdiction, the Court considers five factors, "the first three of which are the most important: (1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts; (3) the relationship of the cause of action to the contacts; (4) the interest of [the forum state] in providing a forum for its residents; and (5) the convenience or inconvenience to the parties." *Truman Rd. Dev.*, 414 F. Supp. 3d at 1216 (quoting *Arden*, 614 F.3d at 794).

Here, the applicable factors show that exercising personal jurisdiction over Defendant would not offend the due process clause. Regarding the nature, quality, and quantity of contacts with Missouri, Defendant has registered with the Missouri Secretary of State's Office and appointed a registered agent. Defendant also acknowledges it has a client that is headquartered in Missouri and that it performs services for Missouri individuals and/or companies. Although

---

[3] In support of its motion, Defendant submitted a declaration from one of its members. The Court finds the declaration is insufficient to rebut Plaintiff's allegations and arguments in support of personal jurisdiction. Moreover, to the extent the declaration raises a factual dispute, the dispute must be resolved in favor of Plaintiff. *See K-V Pharm. Co.*, 648 F.3d at 592.

these services constitute a small amount of Defendant's revenue, the facts show that Defendant could anticipate being haled into a Missouri court. *Whaley*, 946 F.3d at 451. The fourth factor weighs in favor of personal jurisdiction because "Missouri has a strong interest in providing a forum for its residents when they are injured in their home state." *Thurman v. Am. Honda Motor Co.*, No. 22-CV-04007-WJE, 2022 WL 4292331, at * 4 (W.D. Mo. Sept. 16, 2022). Finally, the record does not show it would be inconvenient to litigate this case in Missouri. For all these reasons, and for the additional reasons stated by Plaintiff, the Court finds it has personal jurisdiction over Defendant.

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED** that Defendant Kraft CPAs PLLC's Motion to Dismiss (Doc. #7) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: May 25, 2023